1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEFANIE K.,

        Plaintiff,

        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 1:20-CV-03038-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

      **BEFORE THE COURT** are Plaintiff's motion for summary judgment and
Defendant's motion for remand. ECF No. 21, 29. Attorney D. James Tree
represents Stefanie K. (Plaintiff); Special Assistant United States Attorney Leisa
Wolf represents the Commissioner of Social Security (Defendant). The parties
have consented to proceed before a magistrate judge. ECF No. 7. After reviewing
the administrative record and the briefs filed by the parties, the Court **GRANTS**
Plaintiff's motion for Summary Judgment; **DENIES** Defendant's motion for
remand for further proceedings; and **REMANDS** the matter to the Commissioner
for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on August 31, 2007, alleging disability since August 31, 2007. Tr. 83-85. The application was denied initially and upon reconsideration. Tr. 41-44, 46-47. Administrative Law Judge (ALJ) W. Howard O'Bryan held a hearing on August 20, 2009, Tr. 22-38, and issued an unfavorable decision on October 21, 2009, Tr. 12-21. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 10, 2010. Tr. 3-7. Plaintiff filed a civil action in this court on September 8, 2010, and on April 5, 2012, this court issued an order remanding the claim for further proceedings. Tr. 464-76.

A remand hearing was held on July 9, 2014 before ALJ M.J. Adams. Tr. 433-45. ALJ Adams issued an unfavorable decision on August 11, 2014. Tr. 403-22. Plaintiff filed a second civil action in this court on November 19, 2014. Tr. 1264. On July 23, 2015, this court granted a stipulated motion for remand for further proceedings. Tr. 1268-71.

A third hearing was held on February 28, 2017, again before ALJ Adams. Tr. 1202-24. ALJ Adams issued another unfavorable decision on July 20, 2017. Tr. 1177-90. Plaintiff again appealed to this court, and on October 31, 2018, Judge Rosanna Malouf Peterson issued an order remanding the claim for further proceedings. Tr. 1529-66.

A fourth hearing was held on October 22, 2019, before ALJ C. Howard Prinsloo. Tr. 1497-1523. On January 9, 2020, ALJ Prinsloo issued another unfavorable decision. Tr. 1442-59. The Appeals Council did not assume jurisdiction and the decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 1440. Plaintiff filed this action for judicial review on March 27, 2020. ECF No. 1.

///

///

1

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 35 years old when she filed her claim and was 47 years old as of the most recent hearing. Tr. 1458. She did not complete high school and was unable to pass the test to get her GED. Tr. 1205, 1511. She has no work history other than a few days working in a fruit warehouse and caregiving for a weekend. Tr. 1206.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). ///

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 9, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1442-59.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 1445.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, depressive disorder, anxiety, personality disorder, and polysubstance use disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1446-47.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> She can perform simple, routine tasks and duties that can be learned in a short period of less than 30 days; should not be required to work in close coordination with coworkers where teamwork is required, with no contact with the general public to perform work tasks.

Tr. 1447.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 1457.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cleaner, collator operator, and small parts assembler. Tr. 1458-59.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 1459.

## ISSUES

In her Motion for Summary Judgment, Plaintiff contends the Commissioner erred by (1) not properly addressing the listings; (2) improperly discounting Plaintiff's subjective complaints; and (3) not properly assessing the medical opinions. Plaintiff argues the proper remedy is remand for an immediate calculation of benefits.

Defendant concedes the ALJ erred, but maintains further proceedings are necessary for a proper adjudication. Therefore, the issue before the Court is what the appropriate remedy is.

## DISCUSSION

The Court has the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

appropriate when additional administrative proceedings could remedy defects or when there is serious doubt as to whether the claimant is, in fact, disabled. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989); *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison*, 759 F.3d at 1020.

### a. Medical evidence

Plaintiff argues the ALJ erred in rejecting the opinions of multiple treating and examining sources. ECF No. 21 at 14-21. She notes the ALJ rejected several sources using the rationale from the 2017 unfavorable opinion, which was already deemed insufficient by this court in 2018. *Id.* at 14-16. The Court finds the ALJ improperly violated the law of the case and the rule of mandate by disregarding the directives of this court's 2018 order to reassess the medical evidence. *See Stacy v. Colvin*, 825 F.3d 563 (9th Cir. 2016).

Plaintiff further asserts the ALJ failed to offer sufficient reasons for not adopting limitations set forth by three other sources. ECF No. 21 at 18-21. Defendant does not refute these assignments of error and admits the ALJ's decision is not supported by substantial evidence. ECF No. 29.

### b. Plaintiff's subjective statements

Plaintiff asserts the ALJ erred in disregarding her subjective symptom reports. ECF No. 21 at 5-14. Defendant does not explicitly concede error on this issue and implies the ALJ's discussion of Plaintiff's subjective allegations creates unresolved issues that require further development of the record. ECF No. 29 at 6.

1      It is the province of the ALJ to make determinations regarding a claimant's

2  subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

3  However, the ALJ's findings must be supported by specific, cogent reasons.

4  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant

5  produces medical evidence of an underlying medical impairment, the ALJ may not

6  discredit testimony as to the severity of an impairment merely because it is

7  unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

8  1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting

9  the claimant's testimony must be "specific, clear and convincing." *Smolen v.*

10  *Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834

11  (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify

12  what testimony is not credible and what evidence undermines the claimant's

13  complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.

14  1993).

15      The ALJ concluded Plaintiff's medically determinable impairments could

16  reasonably be expected to cause some of the alleged symptoms; however,

17  Plaintiff's statements concerning the intensity, persistence and limiting effects of

18  those symptoms were not entirely consistent with the medical evidence and other

19  evidence in the record. Tr. 1448-49. The ALJ adopted by reference the discussion

20  of the medical records and Plaintiff's overall reliability from the prior decisions

21  issued in 2014 and 2017, and summarized Plaintiff's mental health treatment

22  virtually verbatim from the 2017 decision. *Compare* Tr. 1449-51 *with* Tr. 1184-85.

23  The ALJ additionally found there was little evidence of any significant physical

24  problem with only sporadic treatment for physical complaints, and normal

25  objective findings and activities that were inconsistent with Plaintiff's allegations.

26  Tr. 1451-52.

27      The Court finds the ALJ's discussion is not clear and convincing. The

28  rationale with respect to Plaintiff's mental impairments has already been deemed

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

insufficient by this court (Tr. 1556-64) and will not be revisited, pursuant to the law of the case. *Stacy v. Colvin*, 825 F.3d 563 (9th Cir. 2016). The Court finds the remainder of the ALJ's discussion is not supported by substantial evidence. Despite the ALJ's indication that there is little evidence of any significant physical problem, the ALJ went on to discuss the abnormal imaging, and found Plaintiff's degenerative disc disease to be a severe impairment. Tr. 1445, 1451. To the extent the ALJ implied Plaintiff's allegations were not reliable due to her minimal treatment, the ALJ failed to consider any reasonable explanations for the amount of treatment, such as lack of money, insurance, and transportation; Plaintiff's homelessness; or her mental health impairments. *See* Social Security Ruling 16-3p. Finally, the ALJ failed to identify any regular and ongoing activities that contradicted Plaintiff's alleged physical symptoms. Notably, Defendant did not defend the ALJ's use of any of this rationale, focusing only on the previously discounted reasons as creating ambiguity in the record requiring further development on remand.

### c. Remedy

In this case, all parts of the test outlined in *Smolen* and *Garrison* for an award of benefits have been met. The record has been fully developed in terms of available medical records. The ALJ failed to provide legally sufficient reasons to reject multiple disabling medical opinions and failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom complaints. The vocational experts testified that an individual who was off-task more than ten percent of the workday, was a distraction to coworkers, needed ongoing redirection by a supervisor, or was absent more than one day per month would not be able to maintain employment. Tr. 1218-20, 1518-20. Each of the improperly rejected medical opinions opined Plaintiff would have marked or severe problems in the workplace due to her mental health or was substantially more physically limited than the ALJ found. Tr. 165-66, 735, 741, 605-06, 649-50, 1410-11, 1394-96,

1414, 1913-15. Plaintiff testified pain and her mental health conditions interfere with her ability to concentrate. Tr. 442-43, 1507. If any of this evidence were credited as true, the ALJ would be required to find Plaintiff eligible for benefits at step five of the sequential evaluation process.

Furthermore, Defendant has not identified any evidence that creates serious doubt as to Plaintiff's disability. The Commissioner quotes the ALJ's discussion regarding Plaintiff's subjective allegations as evidence of unresolved issues requiring further development. ECF No. 29 at 6. However, as discussed above, this analysis has already been deemed insufficient and unsupported by substantial evidence.[1]

Finally, the Court notes that the exceptional circumstances of this case, while not controlling, strengthen the case for an immediate calculation of benefits. This claim has been pending for nearly 14 years, having been previously remanded by this court three times for correction of errors the ALJ failed to correct. The errors here are precisely those the Ninth Circuit has identified as part of the justification for the credit-as-true rule:

> [I]t avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case. Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the delay and uncertainty often found in this area of the law, and ensures that deserving claimants will receive benefits as soon as possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe

---

[1] Defendant's only other assertion regarding development of the record on remand relates to obtaining a medical expert to discuss whether Plaintiff's conditions meet or equal a listing. *Id.* at 6-8. However, remand for this development is unnecessary given the other errors and the direction to credit as true the improperly rejected evidence.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

> economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage - financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims.

*Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014).

As such, this Court remands the case for an immediate calculation of benefits.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2.     Defendant's Motion for Remand, **ECF No. 29**, is **DENIED**.

3.     The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4.     An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10